UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EL PHAROAH EL AMER I,

       Plaintiff,

v.                                                      Civil Case No. 21-12108
                                                        Honorable Linda. V. Parker

DETROIT POLICE DEPARTMENT,
MICHIGAN DEPARTMENT OF CORRECTIONS,
WAYNE COUNTY PROSECUTOR,
STATE OF MICHIGAN 36TH DISTRICT COURT,
DANIEL MERCICER, PATRICIA L. JEFFERSON,
and LASHAY MONAE DAVIS,

       Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND SUMMARILY DISMISSING COMPLAINT

On September 9, 2021, Plaintiff filed this pro se action and an application to proceed in forma pauperis. He seeks at least $27 million in damages for conduct arising from his August 25, 2021 arrest by employees of the Detroit Police Department. According to Plaintiff's Complaint, he was arrested while driving a vehicle registered to his wife, Lashay Monae Davis, who he was divorcing. The officers told Plaintiff the vehicle was reported stolen, and it subsequently was returned to his wife. Plaintiff states that because he was without transportation, the Nigeria Reggae Festival and Peace Concert, for which he is the International

Ambassador, had to be rescheduled. Plaintiff apparently was detained in the custody of the Michigan Department of Corrections (MDOC), appointed an attorney (Daniel Mercicer) without his consent, and prosecuted in the 36th District Court before the Honorable Patricia L. Jefferson. Plaintiff claims to be a member of the Moorish Science Temple of America, beyond the laws of the United States and the jurisdiction of the Michigan court.

This Court is granting Plaintiff's application to proceed in forma pauperis but, for the reasons set forth below, concludes that his Complaint must be summarily dismissed.

District courts are required by statute to dismiss any action brought under federal law in forma pauperis if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 2007). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Federal Rule of Civil Procedure 8 requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)-(3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Even when construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Plaintiff's Complaint does not state a viable federal claim against Defendants.[1] Plaintiff appears to be asserting violations of his rights under the United States Constitution and such claims must be raised under 42 U.S.C. § 1983. *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989) (explaining that § 1983 is the exclusive remedy for the alleged violations of a plaintiff's constitutional rights). To state a claim § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th

---

[1] Plaintiff checked the box for diversity jurisdiction on his Complaint (*see* Compl. § II, ECF No. 1 at Pg ID 3); however, such jurisdiction arises only where the citizenship of the plaintiffs and defendants are diverse, *see* 28 U.S.C. § 1332. Clearly this is not the case here. (*See* Compl. § I, ECF No. 1 at Pg ID 2-3, 8.)

3

Cir. 2009). The plaintiff also must allege each defendant's personal involvement to state a claim under § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978).

Judge Jefferson is subject to dismissal from this action based on judicial immunity. Judges are absolutely immune from civil rights suits for money damages when acting in a judicial capacity unless they act in the clear absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Whether an action is "judicial" depends on the "nature of the act itself, i.e., whether it is a function normally performed by a judge," and "the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id.* at 12 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). A judge's acts do not become non-judicial simply because they are erroneous or "in excess of [the judge's] authority"; if that were the case, then "any mistake of a judge in excess of his authority would become a 'nonjudicial' act, because an improper or erroneous act cannot be said to be normally performed by a judge." *Id.* at 12. The conduct challenged by Plaintiff in this case arises from Judge Jefferson's role in state-court criminal proceedings. Plaintiff's belief that he is beyond the laws of the State of Michigan and the jurisdiction of its courts is frivolous. Judge Jefferson's actions in this regard clearly concern actions normally performed by a judge and she is immune from suit for money damages.

4

"Absolute prosecutorial immunity, like absolute judicial immunity, is a common law principle that shields a prosecutor from § 1983 liability." *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000). A prosecutor has absolute immunity for all acts "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The Sixth Circuit has explained:

> Those acts that occur in the course of the prosecutor's role as an advocate for the state, e.g., acts taken to prepare for the initiation of judicial proceedings or to prepare for trial, are protected by absolute immunity. By contrast, a prosecutor who performs the investigative functions normally performed by a detective or police officer such as searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested is entitled only at most to qualified immunity.

*Cooper*, 203 F.3d at 947 (internal quotation marks and citations omitted). As with judicial immunity, the motives of the prosecutor are irrelevant for purposes of immunity. *Eldridge v. Gibson*, 332 F.3d 1019, 1021 (6th Cir. 2003). Indeed, absolute prosecutorial immunity is not overcome by a showing that the prosecutor acted wrongfully or maliciously. *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989). The Wayne County Prosecutor's Office therefore is absolutely immune from liability for its actions in prosecuting Plaintiff.

Attorney Mercicer is subject to dismissal as well. First, Plaintiff fails to identify any conduct by Attorney Mercicer that violated any of his rights.

5

Moreover, it is well-settled that appointed and retained attorneys performing traditional functions as defense counsel do not act "under color of state law" and are not state actors subject to suit under § 1983. *Polk Co. v. Dodson*, 454 U.S. 312, 318, 325 (1981); *Elrod v. Michigan Supreme Ct.*, 104 F. App'x 506, 508 (6th Cir. 2004); *see also Cicchini v. Blackwell*, 127 F. App'x 187, 190 (6th Cir. 2005) ("Lawyers are not, merely by virtue of being officers of the court, state actors for § 1983 purposes.").

The Detroit Police Department is not an entity subject to suit under 42 U.S.C. § 1983. *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (police department is an improper defendant in a § 1983); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (sheriff's department may not be sued under § 1983); *Edward v. Jail*, No. 2:16-cv-11596, 2016 WL 2937146, at *2 (E.D. Mich. May 20, 2016) (citing cases and ruling that county jails, sheriff departments, and other governmental agencies are not legal entities amenable to suit under § 1983); *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997) (city police department is an agency of the city and not a proper defendant in a § 1983 action). Plaintiff's claims against the Detroit Police Department must, therefore, be dismissed.

Moreover, the Detroit Police Department (or even the City of Detroit if named as a defendant instead) and MDOC must be dismissed because Plaintiff

6

fails to allege facts demonstrating either entity's involvement in the events giving rise to the Complaint. It is well settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (the plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff makes no such factual allegations against the Detroit Police Department or MDOC. Plaintiff also does not allege facts showing that any claimed injury is the result of any policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or supervise employees. *Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006).

The Eleventh Amendment also bars Plaintiff's action against the MDOC as it is an agency of the State. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) (explaining that the Eleventh Amendment bars civil rights actions against a state *and its agencies and departments* unless the state waived its immunity and consented to suit, or Congress abrogated that immunity). The State of Michigan has not consented to be sued for civil rights actions in federal court, *see Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986), nor did Congress

abrogate Eleventh Amendment immunity when it enacted § 1983, *Quern v. Jordan*, 440 U.S. 332, 341 (1979).

Finally, private parties like Lashay Monae Davis generally are not state actors unless their actions are "fairly attributable to the state." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). "[T]he under-color-of-state-law element of § 1983 excludes from its reach "merely private conduct, no matter how discriminatory or wrongful." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). However, a private party that has conspired with state officials to violate constitutional rights qualifies as a state actor and may be held liable under § 1983. *Moore v. City of Paducah*, 890 F.2d 832, 834 (6th Cir. 1989); *Hooks v. Hooks*, 771 F.2d 935, 943 (6th Cir. 1985). Further, under Sixth Circuit Court precedent, a private party's conduct may be attributable to the state under one of three tests: the public function test, the state compulsion test, or the nexus test. *Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 905 (2004) (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)). In summary,

> [t]he public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state. The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the

> choice is really that of the state. Finally, the nexus test requires a sufficiently close relationship between the state and the private actor so that the action taken may be attributed to the state.

*Id*. (quotation marks and internal citations omitted). The facts Plaintiff alleges in his Complaint do not suggest that any of these exceptions apply here.

Plaintiff alleges that Ms. Davis filed the false auto theft report that resulted in his losing possession of the vehicle he was driving. Plaintiff, however, alleges no facts suggesting that Ms. Davis conspired with state actors or was exercising powers reserved to the state. Nor does Plaintiff allege facts suggesting that state actors encouraged Ms. Davis' report or that a close relationship existed between her and the state. "Providing information to police, responding to questions about a crime, and offering testimony at a criminal trial does not expose a private individual to liability for actions taken under color of law" even if the information provided is false and offered in bad faith. *Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009). For these reasons, Plaintiff's claims against Lashay Monae Davis must be dismissed also.

Accordingly,

**IT IS ORDERED** that Plaintiff's application for leave to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 25, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 25, 2021, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager